# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL MILLER,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 631, et al.,

    Defendants.

Case No. 2:21-cv-01693-RFB-NJK

**Order**

[Docket Nos. 40, 54, 56]

Pending before the Court is Defendant International Brotherhood of Teamsters, Local 631's ("Defendant") motion to stay discovery pending resolution of its motion to dismiss Plaintiff's second amended complaint. Docket No. 40; *see also* Docket No. 35 (motion to dismiss)[1]. Defendant Republic Services of Southern Nevada filed a joinder to Defendant's motion to stay discovery, based on its own motion to dismiss the second amended complaint. Docket No. 55; *see also* Docket No. 36 (motion to dismiss). Plaintiff filed a response in opposition and Defendant replied. Docket Nos. 57, 60. The motion to stay discovery is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide

---

[1] After Defendant filed the instant motion to stay discovery, Plaintiff filed a third amended complaint. Docket No. 41. Parties are only allowed to amend pleadings once as a matter of right. *See* Fed. R. Civ. P. 15(a)(1). For any further amendments, parties must seek either the other parties' permission or Court approval. Fed. R. Civ. P. 15(a)(2). Plaintiff's third amended complaint was filed without the other parties' permission and without seeking Court permission and, therefore, fails to conform to the requirements of Federal Rule of Civil Procedure 15. For these reasons, the Court **GRANTS** Defendant Republic Services of Southern Nevada's motion to strike, Docket No. 54, and **STRIKES** Docket No. 41. *See* Local Rule 10-1(d) ("The court may strike any document that does not conform to an applicable provision of . . . any Federal Rule of Civil or Criminal Procedure."). Nearly two weeks after filing his third amended complaint, Plaintiff filed a motion to amend. Docket No. 56. He asks the Court to deny it as moot. *Id.* at 2. As the Court has granted the motion to strike, Docket No. 54, the Court **DENIES** as moot the motion to amend. Docket No. 56.

for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

The Court is satisfied that a stay of discovery is appropriate in this case. As to the first two requirements, the motion to dismiss is potentially dispositive of this case and it can be decided without discovery. As to the third requirement, the undersigned's evaluation of the two motions to dismiss the second amended complaint reveals that they are sufficiently meritorious to justify a stay of discovery.[2] Accordingly, Defendant's motion to stay discovery (Docket No. 40) is **GRANTED** as to both Defendants.

In the event resolution of both motions to dismiss the amended complaint do not result in the termination of this case, an amended discovery plan or joint status report must be filed within 14 days of the issuance of the order resolving the motions.

IT IS SO ORDERED.

Dated: February 11, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion for judgment on the pleadings may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice is outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.